No. 12,039.

VASSEK ET AL. *v.* MOFFAT COUNTY MERCANTILE COMPANY.

(285 Pac. 939)

Decided March 3, 1930.

Mr. E. G. VANATTA, for plaintiffs in error.

Mr. J. F. MEADOR, for defendant in error.

*In Department.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS is an action by the Moffat County Mercantile

Company, a corporation, against the defendants Roza Vassek, Ignatz Vassek, wife and husband, and Martin Vassek, their son, to recover possession of farming lands, possession of which, the complaint says, they wrongfully withheld from plaintiff. Trial to a jury upon the issues of fact joined by defendants' amended answer and cross-complaint to the complaint of plaintiff, and plaintiff's replication to defendants' pleading, resulted in a verdict in plaintiff's favor for possession of the premises and $1 as damages for their unlawful detention, upon which the court entered judgment in plaintiff's favor after overruling a motion for new trial, and defendants are here asking a reversal.

While we think the verdict of the jury was not justified by the evidence, and the judgment entered thereon is wrong, we cannot forbear the statement that the defendants' prolix and confusing briefs, their miscitation of pertinent sections of our statutes, and redundant and prolix arguments, have entailed unnecessary labor upon this court in unraveling for itself a confusing record. The brief of the plaintiff does not much enlighten us as to the merits, upon the evidence produced, and is restricted chiefly to objections that the defendants failed to comply with our rules as to assignments of error, and to the insufficiency of the amended answer and cross-complaint. Plaintiff, however, does argue that the defendants' pleading, denominated "amended answer and cross-complaint," does not bring the case as so made within the provisions or protection of section 5924, C. L. 1921, in relation to homesteads, which provides that, "Every householder in the state of Colorado, being the head of a family, shall be entitled to a homestead not exceeding in value the sum of two thousand dollars," and also objects, even if the pleading itself sufficiently discloses these requirements, that the evidence failed to establish the pleading.

First, we say that we agree with the trial court that the amended answer and cross-complaint clearly

brings the case within the statute. It alleges, among other things, that at all times since the 28th day of October, 1922, which was before any controversy arose between these parties, down to and including the time of the trial, the defendants, husband and wife, with their family of six minor children, were living upon, and at the time the pleading was filed were still living and residing upon, these lands, and that they were of a value less than $2,000, and that the codefendant Martin, a minor child of the husband and wife, has no interest in the lands, except such as he may have as heir at law.

The title and right of possession upon which the plaintiff corporation relies in this action to recover possession of the premises in dispute, is a sheriff's deed under a sale authorized by an execution of a judgment of the district court of Moffat county, in an action by the plaintiff against the defendant Ignatz Vassek, for $3,-534.86 and costs. At the time this judgment was rendered and the sale made, and long before, the defendant Ignatz Vassek had caused the lands in question, by making the proper filing and marginal entry on his record title thereof, to be made his homestead, and the record so remained at the time of the levy of the execution and the sale thereunder of the lands to the plaintiff in this action. No attempt was made by the judgment creditor, the plaintiff herein, to comply with the pertinent provisions of our homestead act. Indeed, it ignored the same intentionally because it deemed the homestead right lost by abandonment thereof by defendants.

The defendant Ignatz Vassek had taken the necessary steps to secure to him the homestead right in these lands. The testimony is uncontradicted that the lands exceeded in value the sum of $2,000. They were bid in at the sheriff's sale by the plaintiff in this action for $3,763.57. Section 5930, C. L. 1921, provides that when any creditor shall be of the opinion that any homestead provided for in this act is of greater value than two thousand dollars, on filing affidavit of that fact, with the clerk of the dis-

trict court, such creditor may proceed against said homestead as in ordinary cases, and if the same shall sell for more than two thousand dollars and costs, the excess shall be applied to the payment of the demand of such creditor; but in all such cases the sum of two thousand dollars, free of charge or expense, shall be paid to the owner of the homestead. [There was no attempt made by the plaintiff in this case in making sale of this property under its execution, to comply with any of the provisions of this statute. To the contrary, this judgment creditor, plaintiff, proceeded upon the theory and supposition that the homestead had been abandoned, and that the defendants here had lost all their homestead rights in the lands in question by removing from the premises and ceasing to occupy the same as a homestead at and before the time of the levy of the writ of execution under which plaintiff claims.

We think the evidence in this case is clear, if not uncontradicted, and there is no proper showing by the plaintiff to the contrary, that the homestead right in question claimed by the defendants was not lost by their alleged removal therefrom. The defendant's wife was ill and her physician advised that she should go, or be taken, to a lower elevation, and the husband and wife thereupon left Colorado and first went to Kansas City, where they stayed several months, and afterwards went to the city of Chicago for the benefit of the wife's health. During all this time, about six months, that the husband and wife were absent from Colorado, their six minor children were at the home of the Vasseks, upon the lands in question and continued to remain there. All of their farm machinery and utensils, horses, cattle and sheep were there. Our homestead act says that such homestead shall only be exempt while occupied as such by the owner thereof, or his or her family. It is difficult for us on reading this evidence to understand how the jury, under the uncontradicted evidence, should have returned the verdict in

favor of plaintiff that it did. It must have arisen from some misconception on its part of its legal effect. The trial court should have directed a verdict for defendants as they requested at the close of the trial. Only by disregard of the provisions of this homestead statute, which we do not countenance, may the judgment in this case be upheld. The evidence for the defendants stands uncontradicted—except by wholly unjustified inference—that the husband and wife never intended to remove from Colorado or abandon their residence there, but left their minor children, members of the family, in possession of the premises at the time they left, and they have certainly resided there ever since. Before the husband and wife left for the East he executed a sort of lease to one of his children, who remained upon the premises, so that he might have it for his protection during their absence in case anyone questioned their rights there. There is not much significance to be attached to the execution of this lease one way or the other. The husband for some reason supposed that his homestead rights would be protected by its execution. The family, or a part of the family of Vassek, was at all times in possession of, and occupied these premises and were in possession of all the farm equipment and stock, just as the parents were before they left, at the time the levy of the execution and the sale of the property was made to the plaintiff in this case. We are strengthened in our conclusion by the admitted fact that, in this pending action, the plaintiff caused summons to be served upon defendants by delivering copy thereof to one of their children who was in actual possession of and on the lands as one of the family at the time. The writ was served and the return of the sheriff thereon reads that he served the summons "upon one of the children of the defendants at the home of the defendants," which was the lands in dispute here.

The judgment of the district court is therefore reversed, and the cause remanded with directions to set

aside its judgment, and, in lieu thereof, to enter judgment in favor of the defendants with their costs.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE ADAMS and MR. JUSTICE ALTER concur.